IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

BEGINNER MUSIC, BELLAMY BROTHERS MUSIC,
UNIVERSAL MUSIC CORP., DAVID ALLEN BERG
D/B/A BERGBRAIN MUSIC, COLGEMS-EMI
MUSIC INC., EMI APRIL MUSIC INC., NEW DON
SONGS, MARY CHAPIN CARPENTER D/B/A
GETAREALJOB MUSIC, CHAMALAND MUSIC,
MUSIC OF WINDSWEPT, DIDN'T HAVE TO BE
MUSIC, NEW SEA GAYLE MUSIC, SONGS OF
BUD DOG MUSIC, VAN HALEN MUSIC,
WAIFERSONGS LTD., WB MUSIC CORP., HULEX
MUSIC, MIGHTY UNDERDOG MUSIC, SONY/ATV
TUNES, LLC, CONTROVERSY MUSIC, GREEN
DAZE MUSIC AND LELLOW PRODUCTIONS,

              Plaintiffs,

Vs.              No. 09-4050-SAC

TALLGRASS BROADCASTING, LLC, and
JOSEPH E. WALKER,

              Defendants.

MEMORANDUM AND ORDER

    The case comes before the court on the plaintiffs' motion for default judgment. (Dk. 8). The plaintiffs filed this copyright infringement action on April 15, 2009, alleging the defendants had infringed the plaintiffs' copyrights in fourteen musical compositions by broadcasting them on the defendants' radio stations, KIND-AM and KIND-FM, on July 15 and 16,

2008.  (Dk. 1).  The returns of service show summonses were served on Joseph E. Walker, individually, and Joseph E. Walker, as President of Tallgrass Broadcasting, LLC on April 25, 2009.  (Dks. 3 and 4).  Because the defendants filed no answers or other defenses, the plaintiffs applied for clerk's entry of default which was granted on July 8, 2009. (Dks. 6 and 7).  The plaintiffs now move for entry of default judgment seeking injunctive relief, statutory damages on each cause of action, costs and reasonable attorneys' fees.  (Dk. 8).  More than two weeks have passed, and the defendants have filed no response to this motion for default judgment.

By the terms of Fed. R. Civ. P.  55, entry of default is proper "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Upon a determination that the defendant is in default, the court may take "as true all factual allegations in the complaint, except those pertaining to the amount of damages."  *Archer v. Eiland*, 64 Fed. Appx. 676, 679, 2003 WL 1875388 at *2 (10th Cir. 2003) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 58-59 (3d ed. 1998)); *see Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); Fed. R. Civ.

P.  8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied.").  "In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits."  *Brill Gloria v. Sunlawn, Inc.*, 2009 WL 416467, * 2 (D. Colo. 2009) (citing *Deery American Corp. v. Artco Equipment Sales, Inc.*, 2007 WL 437762, *3 (D. Colo. 2007)), *amended on other grounds*, 2009 WL 1220503 (D. Colo. 2009).  After entry of default, it remains within the district court's sound discretion to enter judgment on that basis.  *Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (citation omitted).  A trial court is vested with broad discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

The plaintiffs own the copyrights in the fourteen copyrighted musical compositions that are the causes of action here.  The plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP") which has the right to license authorized public performances of the copyrighted musical compositions.  The defendant Tallgrass Broadcasting, LLC, operates two commercial radio stations in Independence, Kansas, using the call letters, KIND-AM and KIND-FM. The

defendant Joseph E. Walker is the president and managing partner of Tallgrass Broadcasting, LLC, and is primarily responsible for managing, operating and maintaining its affairs. Walker directed, supervised, approved, assisted with, and financially benefitted from the actions on which this lawsuit is based.[1]

The defendants had held ASCAP licenses authorizing the public performance of copyrighted musical compositions until April 11, 2008, when their license agreements were terminated for failure to pay license fees. The defendants rejected ASCAP's offers to reinstate the licenses upon payment of the license fees. The defendants have continued to perform the copyrighted music through radio broadcasts without permission from ASCAP or the copyright owners. As set forth in the exhibit attached to the complaint, the defendants played in radio broadcasts on July 15 and 16, 2008, each of the named fourteen musical compositions and willfully infringed upon the owners' copyrights. The

---

[1] Joint liability for copyright infringement extends not only to the actual performer of the copyrighted composition but also to those who are vicariously liable in that they had the right and ability to supervise the infringing activity and they held a direct financial interest in the infringing activity. *See Nelson-Salabes, Inc. v. Morningside Development, LLC*, 284 F.3d 505, 513 (4th Cir. 2002); *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 506-07 (E.D. Va. 2009).

defendants have continued the unauthorized performances to the injury of the plaintiffs.  The record establishes that the defendants have not appeared, filed answers, responded to this motion, or otherwise defended themselves in this action.  Accepting these factual allegations as true, the court finds that the defendants, Tallgrass Broadcasting, LLC and Joseph E. Walker, are jointly liable for knowingly and intentionally violating the plaintiffs' copyrighted works.

The plaintiffs seek injunctive relief, statutory damages of $5,000 per infringement ($70,000 total), and costs including reasonable attorneys' fees.  "The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to:  . . . (B) determine the amount of damages." Fed. R. Civ. P.  55(b)(2).  Generally, a court may not enter default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.  *See Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.1983).  Additionally, an evidentiary hearing may be unnecessary when the movant submits detailed affidavits and exhibits that furnish a sufficient uncontested record from which to determine statutory damages and costs with reasonable certainty.  *See EMI April Music Inc. v. Jet Rumeurs, Inc.*, ---F. Supp. 2d---, 2008 WL 5137147 at *1 (N.D. Tex. 2008) (citing *James v.*

*Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993)), and *JMV Music, Inc. v. Cochran*, 2000 WL 1863478 (D. Kan. 2000).  The record here is replete with detailed affidavits and other documents from which the court can determine damages and costs with reasonable certainty.

The Copyright Act of 1976 authorizes a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  Though injunctive relief is a matter reserved for the court's discretion, it is "typically granted when both a past infringement and a continuing threat of infringement are shown."  *JMV Music, Inc. v. Cochran*, 2000 WL 1863478, at *2 (quotation marks and citations omitted); *Jobete Music Co. v. Johnson Communications, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003).  Injunctions serve the public "interest in upholding copyright protection."  *Autoskill, Inc. v. National Educations Support Systems, Inc.*, 994 F.2d 1476, 1499 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993).  "Courts also regularly issue injunctions as part of default judgments."  *Arista Records, Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (citation omitted).  "Recognizing that plaintiffs in this type of action represent all of ASCAP's members, the courts now routinely enjoin

defendants from performing any and all music in the ASCAP repertory." *Girlsongs v. 609 Industries, Inc.*, ---F. Supp. 2d---, 2008 WL 5396003 at *2 (D. Colo. 2008) (citations omitted); see *JMV Music, Inc. v. Cochran*, 2000 WL 1863478 at *2. The uncontested pleadings and affidavits establish that the defendants defaulted on the ASCAP license agreements and then continued to broadcast copyrighted musical compositions. Finding past willful infringement and the real threat of continuing infringement, the court grants a permanent injunction against the defendants from publicly performing all copyrighted music in the ASCAP repertory, without permission from the copyright owner or a valid and current license from ASCAP.

Upon proof of infringement, the copyright owner may elect between actual damages and profits or statutory damages. 17 U.S.C. § 504(c)(1). Statutory damages for each protected work may be awarded against "any two or more infringers . . . jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." *Id*. "'The Court's discretion and sense of justice are controlling as to the sum of statutory damages to award within the given parameters.'" *Frank Music Corp. v. Sugg*, 393 F. Supp. 2d 1145, 1146 (W.D. Okla. 2005) (quoting

*Walden Music, Inc. v. C.H.W., Inc.*, 1996 WL 254654, *5 (D. Kan. 1996)). Relevant considerations "include the expenses saved (such as licensing fees) and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the infringing conduct, and the infringer's state of mind." *Id.*; *see, e.g., Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 914 (D. Conn. 1980). "Statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct." *Graduate Management Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003) (citation omitted). The Supreme Court has recognized that a statutory damage award must do more than take away profits in order to serve the principles of deterrence and discouragement of wrongful conduct. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). For this reason, "in cases such as this courts have routinely award statutory damages in amounts that are between two and three times license fees." *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 508 (E.D. Va. 2009) (citing *Girlsongs*, 2008 WL 5396003 at *3 (and cases cited therein)). Courts in this district have observed:

> "Often times, the court [will] calculate the owed or anticipated license fees and then award statutory damages that exceed the fees by an

> amount commensurate with the wrongful conduct and sufficient to deter future violations." *Songmaker [v. Forward of Kansas, Inc.]*,1993 WL 484210, at *4 [D. Kan. Sept. 13, 1993)]. "The final calculation of statutory damages should still be based on the number of works infringed." *Id.*

*JMV Music, Inc. v. Cochran*, 2000 WL 1863478, at *3 (D. Kan. 2000).

According to the detailed affidavit of Hugo Delbove, the ASCAP account manager, the defendants had operated under license agreements but had repeatedly failed to pay the fees so their licenses were terminated in April of 2008 with fees owing. ASCAP notified the defendants of their fee obligations and then duly terminated the licenses. ASCAP later wrote the defendants confirming that the licenses had been terminated, that the defendants had no authority to perform ASCAP works, and that the broadcasting of such works would be a copyright infringement. Months later, ASCAP wrote the defendants saying it had evidence that they were performing ASCAP works and offering reinstatement of license agreements. The defendants refused ASCAP's offer and continued to violate the plaintiffs' copyrights. The defendants would owe approximately $28,122.63 in fees and charges to be properly licensed to date. Considering the factors above, the court finds that a statutory damage award of $70,000 ($5,000 per each of the fourteen infringements)

reasonably and justly accounts for the defendant's saved expenses (approximately 2.5 times the owed fees and charges) and for the defendant's willful and flagrant violations and is sufficient to deter future violations.

A party prevailing in a copyright infringement action may recover costs and attorneys' in the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Some of the factors relevant in deciding whether to award fees "include frivolousness, motivation, objective unreasonableness of the case, and the need in particular circumstances to advance considerations of compensation and deterrence." *Frank Music Corp. v. Sugg*, 393 F. Supp. 2d at 1147 (citing *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200-01 (10th Cir. 2005)). On the facts presented in this default setting, the court easily concludes that an attorneys' fee award is appropriate and will serve to penalize the losing party, to deter continuing infringement, to make the prevailing party whole, and to encourage the proper prosecution of copyright infringements. The court finds that the attorneys' time of 11.1 hours and a fee rate of $175.00 to be fair, reasonable and appropriate for copyright litigation in this community and for this case in particular. The court also finds the

additional court costs of $567.67 to be reasonable and grants the plaintiffs' requested total fee and expense of $2,510.17.

IT IS THEREFORE ORDERED that the plaintiffs' motion for default judgment (Dk. 8) is granted and that the clerk of the court shall enter judgment for the plaintiffs as follows:

That the defendants have infringed the plaintiffs' copyrights;

That the defendants and all persons acting under the direction, control, permission or authority of the defendants be enjoined and restrained permanently from publicly performing any musical composition licensed through ASCAP and from causing or permitting such compositions to be publicly performed by the defendants' radio stations, KIND-AM and KIND-FM, or in any place owned, controlled or conducted by the defendants and from aiding or abetting the public performance of such compositions in any such place, unless and until the defendants receive permission from the copyright owners or becomes properly licensed to perform music from the ASCAP repertory;

That the plaintiffs shall recover from the defendants, jointly and severally, statutory damages in the amount of $70,000 which is $5,000 for each of the fourteen copyrighted musical works infringed on July 15 and

16, 2008;

That the plaintiffs shall recover from the defendants, jointly and severally, reasonable attorneys' fees in the amount of $1,942.50 and costs/expenses in the amount of $567.67 for a total award of fees and costs/expenses of $2,510.17.

Dated this 12th day of August, 2009, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge